DAVIS, Judge.
Southern Bell Telephone and Telegraph, the employer, appeals an order in which the Judge of Compensation Claims (JCC) awarded attendant care for eight hours a day beginning in June 1994, to be paid at a rate of $7.00 an hour for individual attendants and $12 an hour for attendants employed by agencies. The employer also appeals the portion of the order awarding the payment of medical bills incurred in connection with unauthorized surgery. Because the claimant failed to prove that she actually received eight hours of attendant care every day in the interim from June 1994 through the date of the hearing, and because we cannot discern the record support for the JCC’s decision on the amount such care providers should be paid, we reverse in part and remand for further proceedings consistent with this opinion. However, we affirm the decision that an emergency existed which justified the claimant obtaining the surgery on an emergency basis. This was an appropriate exercise of the JCC’s discretion, and warrants no further discussion.
We agree with the employer that the claimant failed to carry the burden of providing competent substantial evidence that she actually received eight hours of attendant care each day in the relevant time period. It is the claimant’s burden to prove the quantum of care actually received. See Winn Dixie v. Frank, 21 Fla. L. Weekly D2052, - So.2d - [1996 WL 511631] (Fla. 1st DCA Sept. 11, 1996). The record contains some evidence that some professional attendant care was provided on a limited number of days, and some evidence that the claimant’s husband attempted to provide assistance when there were no other attendant care providers to aid the claimant. However, the record does not contain competent substantial evidence that the claimant actually received attendant care in the amount of eight hours a day throughout the entirety of the relevant period. The claimant testified that she could not say how many hours a day her husband assisted her. The husband testified simply that he did what he could do, in view of his own disabilities (which require that he himself receive eight hours a day of attendant care). The testimony of the claimant’s treating psychiatrist indicated that the claimant was not receiving attendant care in the relevant time period. Accordingly we reverse and remand the award of attendant care retroactive to 1994.
We also reverse and remand the portion of the order relating to the market rate for the attendant care services provided from 1994 onward. This decision also appears not to have been based upon competent substantial evidence. The only evidence that appears to relate to the rate charged for such *636 services during the year 1994, for example, was that agencies paid their employees $6.50 an hour and charged the clients $11.00 an hour.
Accordingly, we REVERSE IN PART, AFFIRM IN PART, and REMAND FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
BARFIELD, C.J., and BENTON, J., concur.